IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDY D PITTMAN,

    Plaintiff,

v.                                          CASE NO. 4:17-cv-66-WS-GRJ

FEDERAL BUREAU OF
PRISONS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* "Emergency Motion for Preliminary/Temporary Injunction," and seeks leave to proceed as a pauper. ECF Nos. 1, 2. Plaintiff's emergency petition and his IFP motion are deficient because he failed to file them on court-approved forms. Although the Court normally affords *pro se* plaintiffs the opportunity to amend their filings in accordance with the above requirements, because the Court recommends denying the emergency petition, no reason exists for Plaintiff to amend.

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary

relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal).*

Plaintiff asserts that he is currently detained at FDC Tallahassee, in transit from FCI Marianna to another BOP facility.[1] According to Plaintiff, the BOP has erroneously determined his custody classification because he has been penalized for refusing participation in the Inmate Financial Responsibility Plan (IFRP). Plaintiff alleges that his erroneous

---

[1] According to the Federal Bureau of Prisoners website, Petitioner is now located at Tallahassee FCI.

*Case No: 4:17-cv-66-WS-GRJ*

classification makes him eligible for confinement in a USP. Plaintiff seeks the Court's intervention in preventing his transfer pending a redetermination of his custody classification. Plaintiff concedes that he has not exhausted the BOP's administrative remedy process, but argues that he should not be required to do so given his imminent transfer. ECF No. 1.

The Court does not have the authority to determine where prisoners are confined. "In fact, although a sentencing court can recommend that an offender be placed in a particular facility or program, see § 3582(a), the authority to make the placement rests with the Bureau of Prisons, see, *e.g.*, § 3621(e)." *Tapia v. United States*, 564 U.S. 319, 320 (2011). According to 18 U.S.C § 3621(b), "The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau . . . that the Bureau determines to be appropriate and suitable . . . ." Consistent with this provision federal courts have long held that the executive branch, not the courts, have primary authority with regard to a prisoner's place of confinement. *Foy v. United States,* 285 F.R.D. 407, 410 (N.D. Iowa 2012)(*citations omitted*)("In short, once BOP assumes custody of a

prisoner, the court has no authority to designate the place of imprisonment.").

Therefore, the Court does not have the authority to order the Bureau of Prisons to place Plaintiff in a particular location or to prevent the Bureau of Prisons from making such a placement.

Accordingly, it is respectfully **RECOMMENDED:**

Petitioner's motion for leave to proceed as a pauper, ECF No. 2, should be **DENIED**, and the Emergency Petition for Temporary Injunctive Relief, ECF No. 1, should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

**DONE AND ORDERED** this 3rd day of February 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

*Case No: 4:17-cv-66-WS-GRJ*